**RECORD NO. 15-4298**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOHNNI MARTINEZ GOMEZ,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

**OPENING BRIEF OF APPELLANT
JOHNNI MARTINEZ GOMEZ**

Richard C. Bittner
LAW OFFICE OF RICHARD C. BITTNER
7 Central Avenue, Suite 201
Glen Burnie, Maryland 21061
(410) 590-2552
richbittner@gmail.com

*Counsel for Appellant*

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia  23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION ..... 1

ISSUES PRESENTED ........................................................................................ 1

STATEMENT OF THE CASE ............................................................................ 1

STATEMENT OF THE FACTS .......................................................................... 2

SUMMARY OF THE ARGUMENT ................................................................... 6

STANDARD OF REVIEW ................................................................................. 6

ARGUMENT ...................................................................................................... 7

    I.    **A sixteen (16) point Guideline enhancement under USSG 2L1.2 for reentry after deportation for a deported "violent offender" is a violation of the Offender's Due Process of Law** ................................... 8

    II.   **The Sentencing Court abused its discretion by not reducing the Appellant's Guideline recommended sentence and imposed a sentence greater than necessary under 18 U.S.C. §3553** ...................... 9

CONCLUSION ................................................................................................. 12

REQUEST FOR ORAL ARGUMENT .............................................................. 13

CERTIFICATE OF COMPLIANCE .................................................................. 14

CERTIFICATE OF SERVICE ........................................................................... 15

# TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page**

*Cunningham v. California*, 549 U.S. 370, 271 (2007) ............................................7

*Gall v. United States*, 552 U.S. 38, 59 (2007) ...................................................7, 10

*Kimbroough v. United States*, 552 U.S. 85, 101 (2007) ..........................................7

*United States v. Booker*, 543 U.S. 220 (2005)..........................................................7

*United States v. Gomez*, 690 F.3d 194 (4th Cir. 2012) ..............................................6

*United States v. King*, 673 F.3d 274 (4th Cir.2012) ..................................................6

*United States v. Martin*, 215 F.3d 470 (4th Cir.2000) ...............................................6


**Constitutional Provisions, Statutes and Regulations**

USSG §2L1.2 ...............................................................................................................8

18 U.S.C. 1326.............................................................................................................1

18 U.S.C. 3553..........................................................................................1, 4, 9, 10, 11

U.S. Const. amend. V........................................................................................passim

U.S. Const. amend. XIV ..................................................................................passim

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURSIDICTION

The United States District Court for the District of Maryland had jurisdiction in this case under 8 U.S.C. § 1326, and entered final judgment on May 26, 2015. See Joint Appendix [hereinafter J.A.] at 6-7. Appellant filed a notice of appeal on May 28, 2015. J.A. at 7. This Court has jurisdiction under 28 U.S.C. § 1291.

## ISSUES PRESENTED

I. Was Appellant's due process rights violated when the district court found that the presentence investigation report over represented Appellant's criminal history.

II. Did the Sentencing Court abuse its discretion in not reducing Appellant's Guideline recommended sentence, therein imposing a sentence greater than necessary under 18 U.S.C. §3553.

## STATEMENT OF THE CASE

On or about July 9, 2014, Johnni Martinez Gomez ("Appellant") was charged in a sole count Indictment with violation of 8 U.S.C. §1326, Re-Entry of a Deported Alien. J.A. at 8. On March 13, 2015 Appellant appeared before the Honorable James K. Bredar and pled guilty to the sole count Indictment. J.A. at 5. Appellant was sentenced on May 26, 2015 to forty-one (41) months, with credit for time served in custody. Along with three (3) years supervised release. J.A. at 51-

1

52. The Court also imposed other conditions of the sentence that are not relevant here. Appellant filed the timely notice of appeal on May 28, 2015 J.A. at 7.

## STATEMENT OF THE FACTS

Facts concerning Appellant's upbringing are important in the consideration of Appellant's Sentencing. Appellant was born in El Salvador and has little to no contact with his siblings. J.A. at 66. Appellant was raised in El Salvador by his grandmother until he was seventeen, when he came to the United States. *Id*. Appellant's father did not have a significant part in raising him, and provided no financial support to Appellant's mother. *Id.* While Appellant resided in El Salvador, his grandmother worked at a grocery store and Appellant worked at a lumber yard. *Id*. When Appellant first came to the United States he resided in Texas with his mother. *Id*. Appellant has never been married, but has a child, age 1, who he has not yet met. The child resides in El Salvador. J.A. at 67. Appellant was forced to leave school after completing the 5th grade, because his family could no longer afford the tuition. *Id*.

On June 17, 2014 Appellant was stopped for a driving without a license, a sixty (60) day jailable traffic offense and possession of paraphernalia, a non-jailable, fine only, offense in Anne Arundel County, Maryland. J.A. at 63. At the conclusion of his state case, Appellant was turned over to immigration authorities. *Id.* Appellant had previously been deported on July 20, 2012. *Id*. Appellant was

2

deported due to a conviction on February 6, 2006 in the 504th Judicial District in Dallas County, Texas for aggravated assault and received a sentence of seven (7) years in prison. *Id.* While serving his sentence, in order to survive his harsh conditions of confinement, Appellant was forced to submit to and be initiated into, by a thirteen (13) second beating, called "jumping in" where Appellant became a jailhouse member of the Mara Salvatrucha Trece, also known as MS-13, a Salvadorian street and prison gang operating in the United States, El Salvador, and worldwide. J.A. at 76.

Appellant's Texas conviction meets the definition of an "aggravated felony" under U.S.C. 8 §1326, as defined in 8 U.S.C. §1101. J.A. at 63. Appellant was ordered at his deportation to not reenter the United States without first obtaining permission from the Attorney General or the Secretary of the Department of Homeland Security. J.A. at 64. When Appellant returned to El Salvador, he did not participate in MS-13 activities. When he returned to the United States, albeit without permission, he immigrated to Maryland to seek employment for his yet born child, mother, to be with extended family, and to avoid any contact with old MS-13 affiliates. J.A. at 76. While in Maryland, Appellant was not in involved in gang or criminal activity. *Id.*

Appellant pled guilty on March 13, 2015 pursuant to a written plea agreement dated January 20, 2015 that provided a right of appeal for any sentence

greater than thirty-six (36) months. J.A. at 13. The plea agreement and presentence investigation report contemplated a final offense level of 21, criminal history category 4, with a Guidelines range of 46 to 57 months. J.A. at 68. The Sentencing Court reduced Appellant's criminal history score by one point. J.A. at 35-36. The point had been awarded in Appellant's criminal history computation, for a nonjailable Marijuana paraphilia conviction in Maryland State Court. Accordingly Appellant's guidelines range became forty-one (41) to fifty-one (51) months at a level twenty-one (21), criminal category III. *Id.* Appellant was sentenced on May 26, 2015 to forty-one (41) months, with credit for time served, along with three (3) years supervised release. J.A. at 55-56.

At sentencing, the Court reviewed the factors set out in 18 U.S.C. §3553(a) in determining Appellant's sentence. When reviewing the first factor, history and characteristics of the Appellant, the Court found that Appellant is not a United States citizen and was previously deported. J.A. at 32. The Court noted the most significant factor of his deportation was that "he was deported after he had been convicted of a violent felony offense, an aggravated assault, he shot somebody." *Id*. The Court reviewed the second factor, nature and circumstances of this offense, and stated "they're simple, the defendant was deported from the United States after having been convicted of an aggravated offense. And he was ordered not to return, but he did." *Id*. Upon review of the third factor, seriousness of the offense, the

4

Court stated the seriousness of the crime depends on why they were deported in the first place. J.A. at 32-33. "People are essentially economic refugees and get caught up in the complicated politics of our immigration policy and are found in the United States when they don't have the proper visa or permission to be here and then are sent back...it's a relatively minor matter." J.A. at 33. "People...who are caught in this country illegally, and they're involved in serious predatory criminal behavior where they're hurting somebody else...it's a far more serious matter. And that's the situation we have on our hands here." *Id*.
Appellant takes particular issue with this point as discussed infra.

  The Court noted upon review of the fourth factor, deterrence, that this sentence is in many respects mostly about deterrence. J.A. at 33-34. The Sentencing Court stated with Appellant's criminal history, he is a person who is undesirable because of his prior background and what he did, so there needs to be a sentence that is sufficient to make it "crystal clear" that returning to the United States is a bad decision and will result in another bad consequence. J.A. at 34. The Court then noted factor five, protect the public, is in play because of the prior record and conviction; factor six, avoid unwarranted sentencing disparities, is met due to the sentencing guidelines, factor seven, provide the defendant with training and/or treatment, the Court did not see a substantial need for either, and factor eight, advice of the guidelines, was taken into account. J.A. at 34-35. The Court

5

found a basis for a reduction of the presentence criminal history calculation due to the Appellant's conviction for possession of marijuana paraphernalia, a nonjailable offense, and given the fact that this crime is currently being re-evaluated in some parts of the country. J.A. at 35-36. The Sentencing Court struck one criminal history point and placed Appellant in a Criminal History category III, offense level 21, with a guidelines range of 41 to 51 months. J.A. at 35-36.

Appellant filed the timely notice of appeal on May 28, 2015 J.A. at 7.

## **SUMMARY OF THE ARGUMENT**

The sentence of the District Court should be reversed because the 16-point enhancement for a deported "violent offender" is a violation of Due Process of Law, and the Sentencing Court abused its discretion by not reducing Appellant's Guideline recommended sentence.

## **STANDARD OF REVIEW**

The Court reviews questions of law *de novo*. *United States v. Gomez*, 690 F.3d 194, 197 (4th Cir. 2012). Determinations as to whether an offense is a crime of violence, is a question of law that the Court reviews *de novo*. *United States v. Martin*, 215 F.3d 470, 472 (4th Cir.2000). The Court also reviews a district court's sentencing decision for an abuse of discretion. *United States v. King*, 673 F.3d 274, 283 (4th Cir.2012).

6

# ARGUMENT

*United States v. Booker*, held that the mandatory requirement of the Guidelines violated the Sixth Amendment of the Constitution. 543. U.S. 220, 226-227 (2005). The Guidelines are merely advisory and not binding on the sentencing court. *Id*. at 245.

Sentencing Courts are to sentence within the range of choices dictated by the facts and applicable law of the case before it. See *Gall v. United States*, 552 U.S. 38, 59 (2007) (upholding a sentence outside the advisory guidelines range as reasonable); *Kimbroough v. United States*, 552 U.S. 85, 101 (2007) (noting that sentencing courts may vary from the advisory guidelines range based solely on policy considerations, including disagreement with the policy underlying the guidelines in a case).

"Under the advisory Guidelines system described in *Booker*, judges [are] no longer confined to the sentencing range dictated by the Guidelines, but [are] obliged to 'take account' of that range along with the sentencing goals enumerated in the Sentencing Reform Act ("SRA"). *Cunningham v. California*, 549 U.S. 370, 271 (2007). The Guidelines are the "starting point and initial benchmark but are not the only consideration." *Gall*, 552 at 49.

**I. A sixteen (16) point Guideline enhancement under USSG 2L1.2 for reentry after deportation for a deported "violent offender" is a violation of the Offender's Due Process of Law.**

The fifth and fourteenth amendments of the Constitution of the United States provide that no person shall be deprived of life, liberty or property without due process of law.

Appellant's adjusted Offense Level was twenty-one (21) per the Pre-Sentence Report. J.A. at 65. Appellant began with a base offense level of eight (8), plus an enhancement of an additional sixteen (16) points for his conviction of a prior crime of violence per USSG §2L1.2(b)(1)(A). J.A. at 64. USSG §2L1.2 (b)(1)(A) provides for an increase of sixteen (16) points for a conviction of a crime of violence. Appellant then received a two (2)-point reduction for acceptance of responsibility and a one (1)-point reduction for entering into a timely plea. J.A. at 65.

The automatic 16-point increase, under the guidelines, for a crime that Appellant was already convicted of and already served a sentence for, punishes this Appellant disproportionately. Appellant's Due Process rights are violated when the court automatically considers a previous crime, and automatically enhances Appellant's sentence, when there is absolutely no evidence that Appellant's conduct in this case was anything more than a re-entry without permission or inspection, and that his prior conduct was isolated. The Appellant's Texas

8

conviction occurred at the age of seventeen (17) and prior to his induction into any gang activities, Appellant only entered MS-13 while confined in the Texas Division of Corrections to survive.

Appellant re-entered the United States and did everything to remove himself from his past. He did not return to Texas where he could possibly be influenced by his previous MS-13 contacts, nor was any evidence shown that Appellant was involved in any acts of violence, crime or gang activity while he was in the United States. Appellant only came to the attention of authorities due to a traffic violation.

**II. The Sentencing Court abused its discretion by not reducing the Appellant's Guideline recommended sentence and imposed a sentence greater than necessary under 18 U.S.C. §3553.**

Courts are to impose a sentence sufficient, but not greater than necessary, to 1. reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2. to afford adequate deterrence to criminal conduct; 3. to protect the public from further crimes of the defendant; and 4. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a). The Sentencing Court is to consider 1. the offense, history and characteristics of the Defendant; 2. the need for the sentence; 3. the kinds of sentences available; 4. the sentencing range; 5. any pertinent policy statement; 6. need to avoid unwarranted sentence disparities among defendants; and 7. the need

9

to provide restitution to any victims. *Id*.

When Sentencing Courts are determining if the sentence is "sufficient, but not greater than necessary," the Sentencing Court must "make an individualized assessment based on the facts presented," and on the factors delineated in 18 U.S.C. §3553(a). *Gall*, 552 U.S. at 50. The law does not require "extraordinary circumstances" as a prerequisite to the imposition of a non-guideline sentence. The Sentencing Court must "make an individualized assessment based on the facts presented" to arrive at a sentence that is sufficient but not greater than necessary, and "not presume that the Guideline range is reasonable." *Id*. at 39.

The Guidelines recommended forty-six (46) to fifty-seven (57) months based on the offense level of twenty-one (21) and Appellant's Criminal History Category of IV. However after the Sentencing Court found a one-point criminal history reduction, the Guidelines recommended a sentence of forty-one (41) to forty-six (46) months. Appellant was sentenced to forty-one (41) months. This sentence was clearly excessive given the totality of Appellant's circumstances, conduct, prior offense, and the vision of 18 U.S.C. §3353.

Appellant's sentence is greater than necessary to achieve all eight factors of 18 U.S.C. §3553. Appellant is being punished twice for the same conduct of his previous conviction without any showing that the prior conviction is related to this offense. There is no evidence in the Court record that Appellant's conduct in this

10

case was anything other than re-entry without inspection. While re-entry is a serious felony, there is no indication that Appellant was involved in any gang activity, drug distribution, or committed any violent acts upon his return to the United States.

Appellant returned to the United States to work and help his ailing mother and son. Appellant did not commit any acts of violence, nor was he involved in any gang activity or significant criminal conduct during his time in Maryland. Appellant was stopped by police for a non-alcohol, non-accident, traffic violation, and came to the attention of the authorities because he did not have a valid driver's license.

The Sentencing Court believed it need to make it "crystal clear" with this sentence that if Appellant returns to the United States again, he faces a large sentence. However, Appellant fully understands the gravity of his actions for returning to the United States and understands that if he returns again he faces an even larger sentence given his supervised release and now second felony conviction. This alone is a sufficient deterrent.

Appellant's sentence of 41 months was an abuse of the Sentencing Court's discretion because it has imposed a sentence greater than necessary to achieve all the factors in 18 U.S.C. 3553, and a violation of Appellant's Due Process of Law rights not to be overly or disproportionately punished.

## **CONCLUSION**

For the foregoing reasons Appellant asks that the sentence be reversed and he be granted a new sentencing hearing.

Respectfully Submitted:

\_\_\_\_\_/s/ Richard C. Bittner_____
**Richard C. Bittner
Law Office of Richard C. Bittner
7 Central Avenue
Suite 201
Glen Burnie, MD 21061**

**Counsel for Appellant**

# REQUEST FOR ORAL ARGUMENT

Appellant respectfully requests this Court to grant oral argument.

The nature of the legal argument, including the violation of Appellant's Due Process rights and the Sentencing Court's abuse of discretion can be clarified through oral argument.

Respectfully submitted,

\_\_\_\_/s/ Richard C. Bittner\_\_\_\_\_
Richard C. Bittner, Esq.
Counsel for Appellant
Law Office of Richard C. Bittner
7 Central Avenue
Suite 201
Glen Burnie, MD 21061
410-590-2552
richbittner@gmail.com

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This brief complies with the Type-volume limitation of Fed. R. App. 32(a)(7)(B) because:

    The page count of this brief is <u>2,667 words</u>.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    This brief has been prepared in a proportionally spaced typeface using <u>Microsoft Word, Times New Roman, 14 point</u>.

September 23, 2015

                                                                                  /s/ Richard C. Bittner\_\_\_\_\_
                                                                                       Richard C. Bittner

# **CERTIFICATE OF SERVICE**

In accordance with Rule 25 of the Rules of the United States Court of Appeals for the Fourth Circuit, I hereby certify that I have this 23rd day of September, 2015, filed the required copies of the foregoing Opening Brief of Appellant and Joint Appendix in the Office of the Clerk of the Court via hand delivery and electronically, electronically using the Court's CM/ECF system which will send notification of such filing to:

Paul E. Budlow
Office of the United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4917
  Counsel for Appellee

                                                    /s/ Richard C. Bittner
                                                        Richard C. Bittner